[Cite as *Ahmad v. Ain*, 2018-Ohio-5100.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Umair Ahmad, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-766 |
| v. | : | (C.P.C. No. 15DR-3995) |
| Qura Ain, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 18, 2018

**On brief:** *Umair Ahmad,* pro se. **Argued:** *Umair Ahmad.*

**On brief:** *Wolinetz & Horvath, LLC, Dennis E. Horvath,* and *Eric M. Brown,* for appellee. **Argued:** *Dennis E. Horvath.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Umair Ahmad is appealing from numerous rulings in the Franklin County Court of Common Pleas, Division of Domestic Relations. He assigns fifteen errors for our consideration:

> I. THE TRIAL COURT ERRED IN GRANTING WITHDRAWAL TO PLAINTIFF'S ATTORNEY ON THE DAY OF TRIAL WITHOUT A WRITTEN MOTION, PROBABLE CASUE AND AN APPROPRIATE JUSTIFICATION, WHICH RESULTED IN SABOTAGING PLAINTIFF'S INTERESTS.
>
> II. THE TRIAL COURT ERRED IN REFUSING PLAINTIFF A CONTINUANCE TO BE ABLE TO HIRE AN ATTORNEY AFTER GIVING PLAINTIFF'S ATTORNEY AN ORAL WITHDRAWAL ON THE DAY OF THE TRIAL RENDERING PLAINTIFF DEFENSELESS.

III. THE TRAIL COURT ERRED IN CONDUCTING ADJUDICATIONAL AND DISPOSITIONAL HEARINGS IN CONCURRENCE.

IV. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APELLENT SHARED PARENTING PLAN CITING THE ABSENCE OF MOTION WITHOUT MENTIONING THE NEED FOR ONE UNDER OHIO CIVIL RULE HEREBY STRIPPING PLAINTIFF-APELLENT OF PARENTAL RIGHTS.

V. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APELLEE LEGAL CUSTODY AND GUARDIANSHIP ON A CONTERFACTUAL REPORT, WITHOUT RECOGNIZING, THE RIGHT OF PLAINTIFF-APPELLANT TO CROSS EXAMINE GUARDIAN AND DEFENDANT SANS EVIDENCE, AND MAKE REBUTTAL ARGUMENTS.

VI. THE TRIAL COURT ERRED IN GRANTING A FORGED CONTINUANCE TO DEFEDANT-APELLEE ATTORNEY TO WHICH OTHER PARTIES WERE UNAWARE AND HAD NIETHER KNOWLEDGE OF NOR GIVEN APPROVAL HEREBY ALLOWING THE CASE TO BE DELINQUENT PER OHIO SUPREME COURT RULES. A FORGED CONTINUANCE DOESNOT QUALIFY AS AN APPROPRIATE COURT NOTICE SINCE THERE ARE NO PRE-REQUISITE AND POST-REQUISITE PROCEEDING WHICH COULD BE ALIGNED TO PROCEED WITH THE CASE.

VII. THE TRIAL COURT ERRED BY ALLOWING LEADING EVIDENCE WITHOUT ANY DOCUMENTARY EVIDENCE AT THE SAME TIME TO VERIFY THE SAID CLAIMS RESULTING IN DEFENDANT COUNSEL COMMITTING PERJURY ON RECORD.

VIII. THE TRIAL COURT ERRED IN ALLOWING BARRY WOLINETZ TO REPRESENT DEFEDANT-APELLEE WITHOUT A PROPER MEMORANDUM OF APPEARANCE TO GET A CONTINUANCE ON A TRIAL DATE AND A PROPER RETAINER AGREEMENT TO PROCEED WITH THE TRIAL REQUIRED UNDER OHIO CIVIL PROCEDURE. WOLINETZ'S CONDUCT ON THE SAME TRIAL DATE DELIBERATELY COMPROMISED THE DECORUM AND INTEGRITY OF THE TRIAL COURT AND RAILROADED AN ONGOING DEFEDANT TESTIMONY BY CREATING A

RUCKUS IN THE COURTROOM BY SHOUTING AT THE JUDGE AND TRIAL ATTORNEYS.

IX. THE TRIAL COURT ERRED IN EXPOSING ITSELF AS AN INDEPENDENT THIRD PARTY, WHICH IS AGIANST THE CANNONS OF CONDUCT GUIDELINES OF SUPREME COURT OF OHIO FOR JUDGES INDICATIVE OF MALICIOUS INTENT BY BEING SUPPORTIVE OF DEFENDANT-APPELLEE COMPROMISING THE INTEGRITY OF THIS TRIAL.

X. THE TRIAL COURT ERRED IN FINDING PLAINTIFF-APELLENT IN CONTEMPT IN ABSENTIA DISALLOWING PLAINTIFF-APELLENT TO PRESENT ARGUMENTS AND EXAMINE SO CALLED MEDICAL BILLS PUT FORTH BY DEFENDANT APELLEE IN A DEFICIENT MOTION MISSING A LIST OF RELIANCE AND PRINCIPLE AMOUNT DEMANDED.

XI. THE TRIAL COURT ERRED IN GRANTING A SECOND DISCOVERY MOTION IN JUDGE RETIRING ROOM OFF THE RECORD IN AID TO DEFENDANT-APELLEE WITHOUT APPROPRIATE CAUSE OF ACTION ALLOWING DEFENDANT-APELLEE TO REBUILD THEIR CASE. TRIAL JUDGE ACTION RESULTED IN TWO SETS OF TRIAL BINDERS COMPROMISING THE VERACITY OF ONGOING TESTIMONIES.

XII. THE TRIAL COURT ERRED IN ADOPTING AN APPROBATE STANCE OF FORCING PLAINTIFF-APELLENT TO STIPULATE BY DENYING PLAINTIFF-APELLENT THE RIGHT TO PRESENT EVIDENCE AND REPROBATE STANCE TO ALLOW DEFENDANT-APELLEE TO PRESENT EVIDENCE (LEADING) AT THE SAME TIME BY VIOLATING THE EQUITABLE DOCTRINE OF ELECTION.

XIII. THE TRIAL COURT ERRED IN GRANTING ATTORNEY FEES ON A FRIVOLOUS CLAIM BY THE DEFENDANT ATTORNEY THAT HE HAD TO WORK ON A SCHEDULED TRIAL DATE.

XIV. THE TRIAL COURT ERRED IN GRANTING MONTHLY FEE FOR MEDICAL INSURANCE TO BE PAID TO APELLEE-DEFENDANT WHILE ASKING APELLANT-PLAINTIFF TO CONTINUE THE INSURANCE COVERAGE OF THE MINOR CHILD.

### XV. THE TRIAL COURT ERRED IN ISSUING A JUDGMENT CONFLICTING WITH ITS NARRATIVE OF DECISION MADE IN A DISPOSITIONAL HEARING.

(Sic passim.)

{¶ 2} The Ohio Rules of Appellate Procedure require an appellant to inform the appellate court where in the appellate record the errors occurred. Mr. Ahmad made references to the record in his statement of facts, however did not in support of his assignments of error. Some of his assignments of error are impossible to understand and will not be cogently addressed as a result. See for instance assignment of error three.

{¶ 3} As best we can tell, Mr. Ahmad had difficulty getting along with each of the attorneys he consulted to help him in his divorce proceedings. This seems to be in part because Mr. Ahmad did not want to follow the advice of his attorneys. His last attorney sought leave of court to withdraw for that very reason. On the facts of the case, that reason was a valid reason to withdraw. In the words of assignment of error one, it was an appropriate justification.

{¶ 4} The first assignment of error is overruled.

{¶ 5} Allowing an attorney to withdraw part way through a trial is not ideal. Unfortunately, the trial court judge had no viable option. Qura Ain had traveled in from New Jersey for this leg of the trial. The trial had begun in June, months before. The trial court did not abuse its discretion by refusing to stop the trial based on Mr. Ahmad's misconduct.

{¶ 6} The second assignment of error is overruled.

{¶ 7} The third assignment of error as written is not readily understandable. To the extent it is comprehensible, it is addressed by our findings in the first and second assignments of error.

{¶ 8} The third assignment of error is overruled.

{¶ 9} The trial court did not literally dismiss Mr. Ahmad's shared parenting plan. She just did not make it a court order. The child in question was and is very young. The child's mother lived in New Jersey by the time the trial was scheduled to be completed. Thus, shared parenting was not viable under the circumstances.

{¶ 10} The fourth assignment of error is overruled.

{¶ 11} The problems with shared parenting were clear. The evidentiary requests Mr. Ahmad now makes could not change the age of the child or the fact the mother lived many miles away. Again, shared parenting was not a viable option under the circumstances.

{¶ 12} The fifth assignment of error is overruled.

{¶ 13} The record before us on appeal does not support the allegations that a "forged continuance" occurred.

{¶ 14} The sixth assignment of error is overruled.

{¶ 15} Witness testimony is evidence. It does not require the presentation of documents to make the testimony evidence. The trial court judge did not err in considering testimony which was not accompanied by documents.

{¶ 16} The seventh assignment of error is overruled.

{¶ 17} Counsel for Qura Ain is an extremely experienced and able domestic relations counsel. The trial court judge had no basis for preventing him to represent her.

{¶ 18} The eighth assignment of error is overruled.

{¶ 19} The trial court judge displayed no malicious intent or bias. She handled a very contentious proceeding very professionally. Furthermore, this court is not the appropriate forum for appellant's personal allegations against a judge.

{¶ 20} The ninth assignment of error is overruled.

{¶ 21} Mr. Ahmad chose to stay away from the courtroom on the last day scheduled for trial. He cannot now complain that the trial and related proceedings proceeded in his absence.

{¶ 22} The tenth assignment of error is overruled.

{¶ 23} The trial court judge acted within her discretion in her handling of discovery issues.

{¶ 24} The eleventh and twelfth assignments of error are overruled.

{¶ 25} Given how difficult Mr. Ahmad was as a party, the claim for attorney fees was anything but frivolous. The whole set of proceedings was extended as a result of Mr. Ahmad's demeanor and conduct.

{¶ 26} The thirteenth assignment of error is overruled.

{¶ 27} The trial court judge had a duty to make sure the minor child of the parties had medical insurance. Requiring both biological parents to maintain such coverage was not unreasonable given the problems with the parties communicating and the long distance between their residences.

{¶ 28} The fourteenth assignment of error is overruled.

{¶ 29} A court speaks through its judgment entries. Such entries trump an in-court narrative. Statements made in proceedings conducted after the decision was journalized have no effect on the validity of the decree of divorce.

{¶ 30} The fifteenth assignment of error is overruled.

{¶ 31} All fifteen assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

DORRIAN, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

—————————————